## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NIGEL LUCOMBE,

Plaintiff,

v.

FLORIDA LUXURY REALTY
and YUNEYSI DOMINGUEZ,

Defendants.

_____/

8:26-cv-2195-WFJ-NHA

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF THIS ACTION

1. Plaintiff, NIGEL LUCOMBE ("Plaintiff"), brings this action against Defendants FLORIDA LUXURY REALTY and YUNEYSI DOMINGUEZ ("Defendants") to redress violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., and its implementing regulations.

2. Defendants, directly or through their agents, transmitted unsolicited telemarketing text messages to Plaintiff's personal cellular telephone without his prior express consent and in violation of the National Do-Not-Call Registry.

3. Plaintiff never provided his cellular telephone number to Defendants, never consented to receive telemarketing texts from them, and had no prior business relationship with Defendants.

1

4.  The purpose of the TCPA is to protect consumers from the nuisance, invasion of privacy, and shifting of marketing costs caused by unsolicited telemarketing texts. See, e.g., Krakauer v. Dish Network, 925 F.3d 643, 663 (4th Cir. 2019).

## PARTIES

5.  Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39). Plaintiff is a citizen and resident of Tampa, Florida, and is the subscriber and primary, customary user of the cellular telephone number (813) XXX-7705 (the "7705 Number").

6.  Defendant FLORIDA LUXURY REALTY is, and at all times relevant hereto was, a for-profit business entity organized under the laws of Florida and a "person" as defined by 47 U.S.C. § 153(39). Its primary place of business is in Tampa, Florida.

7.  Defendant YUNEYSI DOMINGUEZ is a resident of Florida and an employee, agent, and/or principal of FLORIDA LUXURY REALTY. FLORIDA LUXURY REALTY can be served at 301 Bay St, Tarpon Springs, FL 34689.

8.  At all times relevant, Defendant YUNEYSI DOMINGUEZ formulated, directed, controlled, and participated in the acts and practices alleged herein. She is the guiding spirit and central figure behind the telemarketing operations that caused the illegal texts to be sent to Plaintiff.

## JURISDICTION AND VENUE

9. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(c)(5), as the action arises under the TCPA, a federal statute.

10. This Court has personal jurisdiction over Defendants because they conduct business in Florida, directed their marketing scheme toward consumers in this District, and transmitted the unlawful text messages to Plaintiff while he was located in this District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Tampa, Florida, where Plaintiff resides and received the unlawful texts.

## FACTUAL ALLEGATIONS

12. Plaintiff registered his personal cellular telephone number, the 7705 Number, on the National Do-Not-Call Registry ("DNC Registry") on November 12, 2019, which was more than thirty-one (31) days prior to the first alleged text message described herein.

13. At all times relevant to this Complaint, Plaintiff's 7705 Number remained registered on the DNC Registry, and Plaintiff never requested its removal.

14. Plaintiff registered his number on the DNC Registry to obtain solitude from invasive and harassing telemarketing communications. The unsolicited texts from Defendants prevented Plaintiff from using his cellular telephone for legitimate personal, family, and household purposes.

15. Plaintiff uses his cellular telephone primarily for personal, family, and household communications and not for business purposes.

3

16. Plaintiff is the account holder and sole customary user of the 7705 Number and is financially responsible for all cellular costs and data usage incurred, including those resulting from the unlawful text messages.

17. Plaintiff never provided his cellular telephone number to Defendants.

18. Plaintiff never granted Defendants prior express consent or prior express written consent to send telemarketing text messages to his cellular telephone.

19. Plaintiff had no prior business relationship with Defendants at the time of the text messages.

20. Plaintiff had no personal relationship with Defendants at any point in time.

21. Plaintiff had no interest in selling his home and never inquired about Defendants' real estate services.

22. On November 29, 2025, at approximately 8:57 p.m. EST, Defendants transmitted a telemarketing text message to Plaintiff's 7705 Number from the caller ID number (813) 507-6905.

23. On March 2, 2026, Plaintiff received a telemarketing text message to his 7705 Number from Defendants from the caller ID number (407) 499-4080.

24. Upon information and belief, Defendants sent or caused to be sent at least two additional telemarketing text messages to Plaintiff's 7705 Number within the same twelve-month period, which will be identified with greater specificity during discovery.

25. The text messages were not made for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26. The text messages were made for the purpose of encouraging the purchase of Defendants' real estate services, specifically their home-selling and property investment services. They constitute "telephone solicitations" under the TCPA.

27. Defendants are in the business of marketing real estate services to homeowners. Defendants use telemarketing to generate leads for their business.

28. Upon information and belief, Defendants used an automatic telephone dialing system ("ATDS") to transmit the text messages described herein. The texts were substantially identical in content and format, lacked individualized human responses, and were sent en masse to multiple recipients, indicating they were transmitted using equipment capable of storing or producing telephone numbers using a random or sequential number generator.

29. Upon information and belief, Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the DNC Registry regulations prescribed under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c).

30. Upon information and belief, Defendants failed to maintain a written do-not-call policy available upon demand, failed to train their telemarketers on the use of such a list, and failed to identify the name of the individual who transmitted the text and the entity on whose behalf the text was transmited, in violation of 47 C.F.R. § 64.1200(d).

31. Defendants did not have Plaintiff's prior express written consent to send telemarketing texts to his cellular number.

32. Defendants knew, or should have known, that Plaintiff's telephone number was registered on the DNC Registry.

33. Defendants' unsolicited text messages caused Plaintiff actual harm, including but not limited to: invasion of privacy, intrusion upon seclusion, aggravation, annoyance, consumption of cellular data and battery life, occupation of device storage, and waste of time.

34. The repeated unauthorized texts forced Plaintiff to divert his attention away from personal activities, investigate the source of the texts, and contend with the frustration of repeated unwanted solicitations.

35. The cumulative effect of Defendants' multiple unsolicited text messages constitutes more than a mere nuisance and is the exact harm Congress sought to prevent through the enactment of the TCPA.

## VICARIOUS LIABILITY AND PERSONAL LIABILITY OF DEFENDANTS

36. Defendants FLORIDA LUXURY REALTY and YUNEYSI DOMINGUEZ are vicariously liable for the telemarketing texts made on their behalf.

37. The Federal Communications Commission ("FCC") has held that the party on whose behalf a solicitation is made bears ultimate responsibility for TCPA violations. See In re DISH Network, LLC, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013).

38. Defendants directly benefited from the illegal telemarketing texts, as the texts were made to solicit Plaintiff and other consumers for Defendants' real estate services.

39. Defendant YUNEYSI DOMINGUEZ is personally liable for the TCPA violations because she directly participated in, authorized, and controlled the unlawful conduct. FLORIDA LUXURY REALTY directed the agents to make the unlawful texts for their

financial benefit. See Texas v. American Blastfax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001).

40. Defendant YUNEYSI DOMINGUEZ refuses to take any action to stop the unlawful practices because they benefit her financially.

41. To hold otherwise would permit Defendant YUNEYSI DOMINGUEZ to dissolve her business and repeat the same unlawful conduct without consequence, undermining the remedial purpose of the TCPA.

## COUNT I

**Violation of the TCPA – Unsolicited Texts Using an Automatic Telephone Dialing System**

**47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2)**

**(Against All Defendants)**

42. On November 29, 2025, and March 2, 2026, Defendants transmitted, or caused to be transmitted, unsolicited text messages to Plaintiff's cellular telephone number (813) XXX-7705. Upon information and belief, Defendants transmitted at least two additional unsolicited text messages to Plaintiff within the same twelve-month period.

43. The text messages were made to Plaintiff's cellular telephone number, which is assigned to a cellular telephone service.

44. The text messages were made using an automatic telephone dialing system ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), because they were sent en masse, were substantially identical in content, and were not individually composed by a live person.

45. Plaintiff did not provide prior express consent or prior express written consent to receive these telemarketing text messages from Defendants.

46. The text messages were not made for an emergency purpose.

47. Defendants' transmission of these unsolicited text messages to Plaintiff's cellular telephone number using an ATDS violated 47 U.S.C. § 227(b)(1)(A)(iii).

48. Each unlawful text message constitutes a separate and distinct violation of the TCPA.

49. Defendants' violations were knowing and/or willful, as Defendants were aware of the TCPA's requirements and disregarded them.

50. As a direct and proximate result of Defendants' violations, Plaintiff suffered actual harm, including invasion of privacy, intrusion upon seclusion, aggravation, annoyance, waste of time, and consumption of cellular data and battery life.

51. Plaintiff is entitled to an award of statutory damages in the amount of $500.00 for each negligent violation and $1,500.00 for each knowing or willful violation, pursuant to 47 U.S.C. § 227(b)(3)(C), along with reasonable attorney's fees and costs.

## COUNT II

**Violation of the TCPA – Calls to Numbers Registered on the National Do-Not-Call Registry**

**47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2)**

**(Against All Defendants)**

52. Plaintiff's cellular telephone number, (813) XXX-7705, has been registered on the National Do-Not-Call Registry since November 12, 2019.

53. At all times relevant to this Complaint, Plaintiff's number remained on the National Do-Not-Call Registry.

54. Defendants initiated multiple telephone solicitations to Plaintiff's number on November 29, 2025, and March 2, 2026 (and upon information and belief, at least two additional times), all of

which occurred more than thirty-one (31) days after Plaintiff registered his number on the DNC Registry.

55. The text messages were "telephone solicitations" as defined by 47 U.S.C. § 227(a)(4), because they encouraged the purchase of Defendants' real estate services.

56. Plaintiff did not provide prior express consent or prior express written consent to Defendants to receive these telephone solicitations.

57. By initiating more than one telephone solicitation to Plaintiff's number within any twelve-month period by or on behalf of the same entity, Defendants violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

58. Each unsolicited text message constitutes a separate and distinct violation of the TCPA.

59. Defendants' violations were knowing and/or willful, as Defendants were aware or should have been aware of Plaintiff's DNC Registry status.

60. As a direct and proximate result of Defendants' violations, Plaintiff suffered actual harm, including invasion of privacy, intrusion upon seclusion, aggravation, annoyance, waste of time, and consumption of cellular data and battery life.

61. Plaintiff is entitled to an award of statutory damages in the amount of $500.00 for each negligent violation and $1,500.00 for each knowing or willful violation, pursuant to 47 U.S.C. § 227(c)(5)(B), along with reasonable attorney's fees and costs.

9

## COUNT III

### Violation of the TCPA – Failure to Implement Mandated Safeguards

### 47 C.F.R. § 64.1200(d)

62. The FCC's regulations implementing the TCPA require telemarketers and sellers to maintain specific safeguards to prevent unwanted telephone solicitations.

63. Upon information and belief, Defendants failed to maintain a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1).

64. Upon information and belief, Defendants failed to provide training for the individuals involved in telemarketing regarding the existence and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2).

65. Upon information and belief, Defendants failed to identify, in their solicitations to Plaintiff, the name of the individual caller and the name of the person or entity on whose behalf the call was being made, in violation of 47 C.F.R. § 64.1200(d)(4).

66. The text messages received by Plaintiff on November 29, 2025, and March 2, 2026 (and upon information and belief, at least two additional times), contained no such required identification.

67. These failures constitute separate and distinct violations of the TCPA and its implementing regulations.

68. Defendants' violations were knowing and/or willful.

69. Plaintiff is entitled to an award of statutory damages in the amount of $500.00 for each negligent violation and $1,500.00 for each knowing or willful violation, pursuant to 47 U.S.C. § 227(c)(5)(B), along with reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

a. An award of actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B), for all actual harm suffered;

b. An award of statutory damages of Five Hundred Dollars ($500.00) for each negligent violation of the TCPA, and One Thousand Five Hundred Dollars ($1,500.00) for each knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3)(C) and 47 U.S.C. § 227(c)(5)(B);

c. An award of reasonable attorney's fees and costs, pursuant to 47 U.S.C. § 227(b)(3)(C);

d. Injunctive relief enjoining Defendants from further violations of the TCPA; and

e. Any other relief this Court deems just and proper

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 27, 2026

Respectfully submitted,

s/Nigel Lucombe

_____

Nigel Lucombe, Pro Se

P.O. Box 2589

Lutz, FL 33548

Nluccombe@Gmail.com

Tel: 813-900-7705